# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Appellee, | * |
| v. | *   Appeal No. 21-4696 |
| BRIAN GILBERT, | * |
| Appellant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## UNITED STATES OF AMERICA'S MOTION
## TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE

The United States of America moves to dismiss Appellant Brian Gilbert's appeal on the grounds that, pursuant to a plea agreement entered into after a thorough plea colloquy, he waived his right to appeal his conviction and his sentence. In support of this motion, the government states as follows:

## FACTUAL BACKGROUND

On September 7, 2021, Gilbert pled guilty to Counts Three, Six, and Nine of the Indictment, which charged him as follows: in Counts Three and Six, with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and in Count Nine, with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ECF Nos. 31, 32. In his plea agreement, Gilbert expressly waived his right to appeal his conviction for any reason. ECF No. 32 at

1

¶19.  Specifically, the plea agreement had the following appeal waiver:

> The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

*Id.* The only aspect of his appellate rights that were not waived were those dealing with specific sentencing outcomes, none of which is relevant here:

> b.  The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed . . . for any reason . . ., except as follows:
>
> (i)  The Defendant reserves the right to appeal any sentence that exceeds the aggregate statutory maximums of Counts Three, Six, and Nine (80 years); and
>
> (ii)  This Office reserves the right to appeal any sentence below any statutory minimum (15 years).

*Id.*

During the guilty plea hearing on September 7, 2021, the district court engaged Gilbert in a colloquy, as required by Federal Rule of Criminal Procedure 11. After determining Gilbert was alert and not being forced to plead guilty, after reviewing the elements of the charges and the maximum and minimum associated penalties, and after reviewing all the rights inherent in a jury trial, the district court underscored that the effect of the plea would be Gilbert's waiver of trial rights and

retention of limited appellate rights.

> THE COURT: And under this guilty plea, there's a limited right to appeal that I will explain to you in just a minute.
> So do you understand, Mr. Gilbert—
>
> GILBERT: Yes.
>
> THE COURT: --that by pleading guilty, sir, you are giving up these important rights; do you understand that?
>
> GILBERT: Yes.

Ex. 1 (Plea Trans.) at 14-15.

Later, during the colloquy, the district court addressed the appellate waiver provision of the plea agreement at length.

> THE COURT: Now, I told you that by entering into this agreement, you and the government waive the right to appeal, with certain limitations. You have the right to appeal any sentence that exceeds the aggregate statutory maximums to Count Three, Six, or Nine, which is 80 years. In other words, if I were to sentence you to more than the maximum amount of time that the law allows, of course you could appeal; that would be illegal. So you have that right to appeal.
> The government has a right to appeal if I were to sentence you below a statutory mandatory minimum, because that would be illegal.
> So unless I sentence you to more than the statute said you could receive or less than the statute said you must receive, then neither you nor the government can appeal the sentence I impose for any reason whatsoever.
> Do you understand that?
>
> GILBERT: Yeah, yes.

Ex. 1 (Plea Trans.) at 21-22.

Prior to sentencing, a Presentencing Report issued that repeated the limited circumstances under which Gilbert could appeal his sentence. ECF No. 35, ¶ 8.

At sentencing on December 8, 2021, Gilbert was sentenced to 300 months of imprisonment on each of Counts Three and Six, with Count Six running concurrent to Count Three, and to 240 months as to Count Nine, to run consecutively to Counts Three and Six, for a total term of 540 months. ECF No. 50 at 3. Gilbert was sentenced to supervised release for a term of life upon release from imprisonment. *Id*. at 4.

On December 10, 2021, the district court issued the judgment. ECF No. 50. On December 15, 2021, Gilbert filed a notice of appeal. ECF No. 52.

On December 27, 2021, Gilbert's appellate counsel filed a docketing statement indicating two issues on appeal: sufficiency of Rule 11 inquiry and reasonableness of sentence. Appeal No. 21-4696, Doc 9-1 at 2.

For the reasons below, the government respectfully requests that this Court dismiss Gilbert's appeal.

## ARGUMENT

I. **THE APPEAL WAS WAIVED.**

    A. **Gilbert Waived His Appeal Knowingly and Intelligently.**

The Court should dismiss this appeal because Gilbert knowingly and intelligently waived his right to appeal. With narrow exceptions not relevant here,

the defendant's waiver of his right to appeal a conviction or sentence is enforceable if he made it knowingly and intelligently. *See United States v. McGrath*, 981 F.3d 248, 250-251 (4th Cir. 2020); *United States v. Blick*, 408 F.3d 162, 168–71 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399–401 (4th Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). Moreover, this Court enforces an appeal waiver if "the issue sought to be appealed falls within the scope of the waiver." *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006). If a party files an appeal despite a knowing and intelligent waiver, the proper remedy is the dismissal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Here, the record makes clear that Gilbert entered into a plea agreement with the government that contained a valid appeal-waiver provision, and that he did so knowingly and intelligently, curtailing his right to file this appeal. The plea agreement described the appeal waiver in direct, unambiguous language—telling Gilbert that he "knowingly waive[d] all rights . . . to appeal [his] conviction on any ground whatsoever" with limited exceptions. ECF No. 32 at ¶19. The only exceptions to this waiver are for a sentence that exceeds the aggregate statutory maximums of the three counts of conviction. *Id.* This provision is similar to others this Court has approved. *See McGrath,* 981 F.3d at 250-251 (dismissing appeal based on similar appellate waiver notwithstanding purported procedural reasonableness and due process errors); *United States v. Linder*, 552 F.3d 391, 396–

5

97 (4th Cir. 2009); *United States v. Linder*, 174 F. App'x 174, 175 (4th Cir. 2006). In fact, Gilbert was sentenced to 45 years—35 years short of the aggregate statutory maximums to which he could have been sentenced. *See* 18 U.S.C. §§ 2251(a) & 2252A(b)(2). In addition, Gilbert's waiver was knowing and intelligent. During the guilty plea hearing, the district court reviewed all salient aspects of the plea agreement with him and specifically drew the parties' attention to the waiver provision. *See* Plea Trans. at 4-22. Gilbert confirmed on the record that he had read the letter agreement and the statement of facts and understood before signing. *See* Ex. 1 (Plea Trans.) at 6. Gilbert affirmed that he had enough time to talk to his attorney "and make sure that this was the right thing for [him] to do before [he] signed it?" *Id*. Gilbert also denied that anyone was trying to force him to plead guilty against his will. *Id., see also* Ex. 1 at 30-31. Never did he indicate or request that his plea was conditional by reserving his right to appeal the issues he now presents, nor did the government agree to a conditional plea. This is more than sufficient to show a knowing and intelligent waiver.

This Court, evaluating the totality of circumstances, concluded that an appeal waiver was made knowingly and intelligently where the district court, like here, specifically questioned the defendant about the appeal waiver during the plea colloquy. *See Blick*, 408 F.3d at 169. Further still, this Court has enforced the appeal waiver even where the district court did not "mention the appellate waiver

provision or inquire specifically into whether [the defendant] understood the significance of the waiver provision." *See General*, 278 F.3d at 400–01. As the record here goes much further than *General*, it confirms that Gilbert's waiver was knowing and intelligent.

Additionally, Gilbert was represented by competent counsel when he negotiated the plea agreement and entered the guilty plea. *See Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea). Indeed, the district court made specific factual findings with respect to the competence of counsel:

> THE COURT: I make the following findings of fact. Mr. Gilbert is here in court with competent counsel. He has had the opportunity to review the letter and supporting statement of facts. He has answered my questions after first being sworn. I am confident that he is competent to exercise his rights, and he has done so voluntarily and with the assistance of counsel.

At no time during the plea colloquy did Gilbert or his attorney indicate a lack of understanding about the scope of the appeal waiver or any other part of the plea agreement. On this record, there is no indication that Gilbert's appeal waiver was anything but knowing and intelligent.

Considering both the Rule 11 colloquy and the plea agreement's appeal waiver, Gilbert knowingly and intelligently relinquished his right to bring this appeal. The Court should dismiss it.

### B.     The Appeal Issues Do Not Fall Within Any Exceptions.

Likewise, this appeal does not fall within any recognized limit that can be placed on Gilbert's otherwise valid appeal waiver. Gilbert's sentence of 45 years (540 months) does not exceed "the aggregate statutory maximums of Counts Three, Six, and Nine," i.e. 80 years, nor does he contend that his sentence was based on any impermissible factor, such as race. *See Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496 (finding that a waiver was enforceable where the defendant was contesting the application of a sentencing guideline factor, and where he was not alleging that the sentence exceeded the maximum possible penalty or that the sentence was based on an impermissible factor). Moreover, Gilbert does not allege, nor does the record indicate, that he received ineffective assistance of counsel or that the government engaged in any misconduct that would warrant an exception to the waiver. *See Attar*, 38 F.3d at 732. Rather, by filing this appeal, Gilbert simply chooses to selectively ignore a plea-agreement provision he has deemed disadvantageous to him.

Accordingly, the government respectfully requests that the Court dismiss this appeal. Allowing Gilbert to appeal these issues would contravene the very purpose of appeal waivers and would "eliminate the chief virtues of the plea system—speed, economy and finality." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

The government further requests that the briefing schedule be stayed while this motion to dismiss is pending.

I have consulted appellate counsel regarding this motion and have been informed that Gilbert will oppose.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court stay the briefing schedule and dismiss this appeal.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Joseph R. Baldwin
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770
(301) 344-4433

## **CERTIFICATE OF SERVICE**

I certify that, on March 4, 2022, I filed a copy of this motion via CM/ECF, which serves it to all counsel of record.

                                                    /s/
                                    Joseph R. Baldwin
                                  Assistant United States Attorney