# NO. 21-4696

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## BRIAN ANTHONY GILBERT,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### AT GREENBELT

––––––––––––––

### BRIEF OF APPELLANT

––––––––––––––

**Vincent A. Jankoski**
**VINCENT A. JANKOSKI, ESQ.**
**14717 Harvest Lane**
**Silver Spring, MD 20905**
**(301) 312-3441**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ...................................................................... iii

JURISDICTIONAL STATEMENT ............................................................1

STATEMENT OF ISSUES PRESENTED....................................................1

STATEMENT OF THE CASE......................................................................2

    Procedural History ...................................................................................2

    Statement of Facts....................................................................................3

SUMMARY OF ARGUMENT .....................................................................4

ARGUMENT .................................................................................................4

I.      EFFECT OF MR. GILBERT'S PLEA AGREEMENT........................4

II.    THE TRIAL COURT FAILED TO COMPLY WITH THE
        DICTATES OF FEDERAL RULE OF CRIMINAL
        PROCEDURE 11(b) BEFORE ACCEPTING MR.
        GILBERT'S GUILTY PLEA................................................................6

        A.    APPLICABLE LAW ................................................................6

        B.    STANDARD OF REVIEW ......................................................7

        C.    THE DISTRICT COURT'S RULE 11 HEARING ...................8

        D.    COUNSEL REQUESTS *ANDERS* REVIEW OF THE
              ADEQUACY OF THE RULE 11 HEARING..........................10

III.   MR. GILBERT'S SENTENCE WAS PROCEDURALLY AND
        SUBSTANTIVELY REASONABLE................................................11

        A.    APPLICABLE LAW ..............................................................11

        B.    STANDARD OF REVIEW ....................................................12

        C.    THE SENTENCING..............................................................13

D.  COUNSEL REQUESTS *ANDERS* REVIEW OF THE
    REASONABLENESS OF MR. GILBERT'S
    SENTENCE ..............................................................................14

    1.  Counsel requests *Anders* review of the procedural
        reasonableness of Mr. Gilbert's sentence ......................14

    2.  Counsel requests *Anders* review of the substantive
        reasonableness of Mr. Gilbert's sentence ......................15

CONCLUSION .................................................................................15

CERTIFICATE OF COMPLIANCE ...................................................16

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California,*
    386 U.S. 738 (1967)..................................................................*passim*

*Blackledge v. Perry*,
    417 U.S. 21 (1974)..................................................................4, 5

*Class v. United States*,
    583 U.S. ___ (2018)................................................................4

*Gall v. United States,*
    552 U.S. 38 (2007).................................................................12

*Maalouf v. Islamic Republic of Iran,*
    923 F.3d 1095 (D.C. Cir. 2019)..............................................5

*Menna v. New York*,
    423 U.S. 61 (1975)..................................................................5

*United States v. Blue*,
    877 F.3d 513 (4th Cir. 2017) ................................................12

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ................................................12

*United States v. Dixon,*
    92 F.3d 1183 (4th Cir. 1996) ..................................................7

*United States v. Johnson,*
    410 F.3d 137 (4th Cir. 2005) ..................................................5

*United States v. McCoy,*
    895 F.3d 358 (4th Cir. 2018) ...............................................4, 7

*United States v. Olano,*
    507 U.S. 725 (1993)................................................................8

*United States v. Vinson*,
    852 F.3d 333 (4th Cir. 2017) ................................................13

**Statutes:**

18 U.S.C. § 2251(a) ................................................................2

18 U.S.C. § 2252A(a)(2) .........................................................2

18 U.S.C. § 2252A(a)(5)(b) .....................................................2

18 U.S.C. § 2252A(b)(1) ..........................................................2

18 U.S.C. § 2252A(b)(2) ..........................................................2

18 U.S.C. § 3231 .....................................................................1

18 U.S.C. § 3553(a) ..........................................................*passim*

28 U.S.C. § 1291 .....................................................................1

**Rules:**

Fed. R. App. P. 3 ....................................................................1

Fed. R. App. P. 4 ....................................................................1

Fed. R. Crim. P. 11 ............................................................7, 10

Fed. R. Crim. P. 11(b) ....................................................1, 4, 6

Fed. R. Crim. P. 11(b)(1) .......................................................7

Fed. R. Crim. P. 11(b)(1)(A) ................................................10

Fed. R. Crim. P. 11(b)(2) .......................................................7

Fed. R. Crim. P. 11(b)(3) .......................................................7

## JURISDICTIONAL STATEMENT

Final judgment of conviction after remand was entered in the district court on December 10, 2021.  This appeal was timely noted on December 15, 2021.  The district court had jurisdiction in this case under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 3 and 4.  This appeal is from a final judgment, disposing of all claims.

## STATEMENT OF ISSUES PRESENTED

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel has conducted a conscientious examination of the record and is unable to find any non-frivolous issue to raise on direct appeal. Therefore, counsel respectfully requests that the Court conduct a complete review of the record to determine whether the case is wholly frivolous or whether there are any legal points arguable on their merits. In accordance with counsel's responsibility under *Anders*, counsel submits to the Court the following issues which might arguably support an appeal.

1.  Did the district court plainly err in failing to comply with the requirements of Rule 11(b) of the Federal Rules of Criminal Procedure before allowing Mr. Gilbert to plead guilty?

2. Was Mr. Gilbert's sentence procedurally and substantively reasonable?

## STATEMENT OF THE CASE

### Procedural History

On November 2, 2020, a federal grand jury in the District of Maryland returned an indictment charging Mr. Gilbert with six counts of production of child pornography (Counts I-VI) in violation of 18 U.S.C. § 2251(a), two counts of distribution of child pornography (Counts VII-VIII) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and one count of possession of child pornography (Count IX) in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2).  The indictment also contained forfeiture allegations. *United States v. Brian Gilbert, United States District Court for the District of Maryland, No. 8:20-cr-00374, ECF #1.*  On September 7, 2021, Mr. Gilbert pled guilty pursuant to a written plea agreement before District Judge Paul W. Grimm to Counts 3, 6, and 9.  *Id., ECF #31.*  On December 10, 2021, Judge Grimm sentenced Mr. Gilbert as follows: Counts 3 and 6, terms of incarceration of 300 months; Count 9, a term of incarceration of 240 months.  *Id., ECF#50.*  The terms of incarceration imposed on Counts 3 and 6 were ordered to run concurrently to each other but consecutively to the term of incarceration imposed on Count 9.  *Id.*  Concurrent lifetime terms of supervised release were ordered on each count.  *Id.*  A $300 special assessment was also ordered.  *Id.*  A timely notice of appeal was filed on December 15, 2021.  *Id., 52.*

**Statement of Facts[1]**

During the period from December 28, 2018 to August 29, 2020, Mr. Gilbert recorded six videos of sexual acts performed by two minors who were at the time of the recordings between the ages of two and seven. *Id.* The recordings were made in Mr. Gilbert's home in District Heights, Maryland. *Id.* These six videos formed the bases for Counts 1-6 of the indictment. *Id.*

On August 26, 2020 and August 29, 2020, Mr. Gilbert uploaded, shared, and advertised two videos containing child pornography on Website A, an online bulletin board dedicated to child pornography. *Id.* Website A is hosted on the Tor network, a network designed to facilitate anonymous communications on the Internet. *Id.* These events formed the bases for Counts 7 and 8 of the indictment. *Id.*

On September 11, 2020, a federal search warrant executed on Mr. Gilbert's home in District Heights, Maryland, resulted in the seizure of various electronic devices containing over 600 images/videos of child pornography downloaded from the Internet and, therefore, travelled in interstate commerce. *Id.* These images/videos formed the basis for Count 9 of the indictment. *Id.*

---

[1] This Statement of Facts is taken from the plea agreement entered into between Mr. Gilbert and the government. *ECF #32, Attachment A.*

## SUMMARY OF ARGUMENT

1.  The district court failed to comply with the dictates of Federal Rule of Criminal Procedure 11(b) before allowing Mr. Gilbert to plead guilty.

2.  Mr. Gilbert's sentence was both procedurally and substantively unreasonable.

## ARGUMENT

### I.    EFFECT OF MR. GILBERT'S PLEA AGREEMENT.

In his plea agreement, Mr. Gilbert waived his appellate rights with the exception that he may still appeal a sentence in excess of 80 years.  *Id., p. 10, para. 19.*  In this Court, the government has filed a motion to dismiss this appeal based on this waiver, *No. 21-4696, ECF #14,* which Mr. Gilbert has opposed.  *ECF#17.* This Court has deferred ruling on the government's motion to dismiss.  *ECF #18.* However, this waiver does not prevent this Court from ruling on the validity of Mr. Gilbert's guilty plea pursuant to *Anders*.  *United States v. McCoy,* 895 F.3d 358, 364 (4th Cir. 2018).

There are also other claims that are not barred by an otherwise valid appellate waiver.  For example, certain constitutional challenges not expressly stated in the appeal waiver are not waivable. *Class v. United States,* 583 U.S. ___ (2018).  Jurisdictional claims are also not barred by appellate waivers.  *Blackledge*

4

*v. Perry,* 417 U.S. 21, 30 (1974).[2]  Nor are double jeopardy claims barred.  *Menna v. New York,* 423 U.S. 61 (1975).  Claims that the plea was involuntarily entered into and claims of ineffective assistance similarly survive appellate waivers. *United States v. Johnson,* 410 F.3d 137,[3] (4th Cir. 2005).

Mr. Gilbert respectfully submits that, for the following reason, challenges to the procedural and substantive reasonableness of a sentence are likewise unwaivable in a plea agreement.  Suppose a sentencing judge commits blatant procedural error by, for example, refusing a defendant (or the government for that matter) to allocute, or by treating the Sentencing Guidelines as mandatory, or by ignoring the Sentencing Guidelines altogether.  Any sentence so imposed would be clearly unreasonable, yet unreviewable due to an appellate waiver.  An appellate waiver should not completely bar appellate correction of such a blatant error.  The error would not be discernable and, therefore, correctable until an *Anders* review was conducted.  Therefore, this Court should conduct an *Anders* review of Mr. Gilbert's challenge to the reasonableness of his sentence.

---

[2] A court may and, indeed must raise a jurisdictional issue *sua sponte,  Maalouf v. Islamic Republic of Iran,* 923 F.3d 1095, 1108 (D.C. Cir. 2019), notwithstanding any appellate waiver.

[3] Although *Blackledge* and *Menna* did not involve appellate waivers, the reasoning of those cases demonstrate that jurisdictional and double jeopardy claims would survive notwithstanding an appellate waiver.

## II.    THE TRIAL COURT FAILED TO COMPLY WITH THE DICTATES OF FEDERAL RULE OF CRIMINAL PROCEDURE 11(b) BEFORE ACCEPTING MR. GILBERT'S GUILTY PLEA.

### A.    APPLICABLE LAW.

Rule 11(b) of the Federal Rules of Criminal Procedure provides:

(1) *Advising and Questioning the Defendant*. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a);

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

*Fed. R. Crim. P. 11(b)(1).*

In addition, before accepting the guilty plea, the district court must address the defendant personally to assure that the guilty plea is voluntary and not the product of force, threats, or promises other than those contained in the plea agreement, *Fed. R. Crim. P. 11(b)(2),* and must determine that there is a factual basis for the plea. *Fed. R. Crim. P. 11(b)(3).*

### B.     STANDARD OF REVIEW.

Whether a district court complies with Fed. R. Crim. P. 11 is generally reviewed *de novo. United States v. Dixon,* 92 F.3d 1183 (4th Cir. 1996). However, where, as here, a defendant does not move to withdraw his guilty plea, review is for plain error. *United States v. McCoy,* 895 F.3d 358, 364 (4th Cir. 2018). To satisfy the plain error standard of review, a defendant must show (1) there was

error, (2) the error was plain and (3) that the error affected the defendant's

substantial rights. *United States v. Olano,* 507 U.S. 725, 732 (1993). If these three

prongs are met, this Court may exercise its discretion to remedy the plain error but

only if the error affects the fairness, integrity or public reputation of the judicial

proceedings. *Olano* at 732.

### C.    THE DISTRICT COURT'S RULE 11 HEARING.

At Mr. Gilbert's rearraignment, the district court placed him under oath, *Tr.*

*9/7/21, pp. 4-5,* ascertained that he was twenty-three years old, *id., p. 5,* and that he

had completed the tenth grade in school. *Id., pp. 5-6.* The court determined that

Mr. Gilbert had read the plea agreement, and had had sufficient time to discuss the

plea agreement with his counsel. *Id., p. 6.* Mr. Gilbert acknowledged that no one

tried to force him to plead guilty against his will. *Id.* The court then determined

that Mr. Gilbert was not suffering from any mental or physical condition that

would prevent him from understanding the proceedings. *Id., pp. 6-7.* Counsel

confirmed that she had no questions regarding Mr. Gilbert's competency to

proceed. *Id., p. 7.* The court then reviewed the plea agreement with Mr. Gilbert,

including the elements of the offenses to which Mr. Gilbert was pleading guilty

and the maximum and mandatory minimum sentences for each. *Id., pp. 7-10.* The

court then proceeded to review with Mr. Gilbert his Constitutional rights that he

would be surrendering by pleading guilty: that the government has the burden of

proving his guilt beyond a reasonable doubt, that he had the right not to incriminate himself, that he had a right to an attorney free of charge for all trial and appellate proceedings, that he had a right to a trial by jury, that at his trial he through his counsel had the right to confront and cross-examine any government witnesses, that because he is presumed innocent, that he was not required to testify or to present any evidence at all and that, if that was his choice, the jury would be instructed not to hold that against him, that he had the right to testify and to call other witnesses in his behalf, that he cannot be convicted unless the jury found him guilty beyond a reasonable doubt, and that, finally, he had the right to appeal any adverse verdict. *Id., pp. 10-14.* Mr. Gilbert stated that he understood and was willing to waive those rights. *Id., pp. 14-15.* The court then reviewed the collateral consequences of Mr. Gilbert's plea. *Id., p. 15.* Mr. Gilbert acknowledged that he understood them. *Id.* The court then reviewed how Mr. Gilbert's sentencing guidelines range would be calculated, including points of agreement and disagreement between the defense and the government. *Id., pp. 15-20.* Mr. Gilbert stated that he understood. *Id., p. 20.* The court advised Mr. Gilbert that he would have to register as a sex offender, *id., p. 20,* and that there may be special assessments, restitution, and/or forfeiture imposed. *Id., pp. 20-21.* Mr. Gilbert stated that he understood that he waived his right to appeal any sentence within the statutory aggregate of 80 years. *Id., pp. 21-22.*

The government then read a statement of facts. *Id., pp. 23-30.* Mr. Gilbert accepted the facts as true. *Id., p. 30.* Mr. Gilbert then confirmed that pleading guilty was his own voluntary choice and that no one forced him to plead guilty. *Id., pp. 30-31.* Then, Mr. Gilbert formally pled guilty. *Id., p. 31.* The court then made the following findings of fact: Mr. Gilbert was competent to enter his guilty plea; he had the assistance of competent counsel; he had the opportunity to review the plea letter; he understands the potential penalties which could be imposed as reflected above; and that there is a factual basis for the plea. *Id., pp. 31-33.*

## D.    COUNSEL REQUESTS *ANDERS* REVIEW OF THE ADEQUACY OF THE RULE 11 HEARING.

Counsel respectfully requests *Anders* review of the adequacy of the Rule 11 hearing, and calls this Court's attention to the following: the district court never formally accepted Mr. Gilbert's plea of guilty. Mr. Gilbert stated that he was guilty, but the district court never stated that the plea was accepted. *Id., p. 31.* In addition, Mr. Gilbert is deaf in one ear, *id., p. 5,* and it is not entirely certain that he fully heard everything that transpired at the Rule 11 hearing. *Id., pp. 5-7.* Finally, the district court did not advise Mr. Gilbert that any statements he made at the Rule 11 hearing could be used in a prosecution for perjury or making false statements. *Fed. R. Crim. P. 11(b)(1)(A).* Counsel respectfully requests *Anders* review of the rearraignment in order to ascertain whether the district court fully complied with Rule 11 before allowing Mr. Gilbert's to plead guilty.

10

### III.    MR. GILBERT'S SENTENCE WAS PROCEDURALLY AND SUBSTANTIVELY REASONABLE.

### A.    APPLICABLE LAW.

Sentencings are governed by 18 U.S.C. § 3553(a) which provides:

(a) Factors To Be Considered in Imposing a Sentence.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced;

### B.    STANDARD OF REVIEW.

This Court reviews sentences for both procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 41, 51 (2007). In determining procedural reasonableness, this Court considers whether the district court failed to calculate (or improperly calculated) the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, failed to analyze the arguments presented by the parties, or failed to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. *Id. at 51; United States v. Blue,* 877 F.3d 513, 518-519 (4th Cir. 2017). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (cleaned up).

If there is no significant procedural error, this Court turns to whether the sentence is substantively unreasonable "tak[ing] into account the totality of the circumstances." *Gall, at 51*. "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range. That presumption can only be rebutted by showing that the sentence is

12

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (cleaned up).

## C.    THE SENTENCING.

A presentence report was prepared.  *See Presentence Report.*  The presentence report calculated the sentencing guidelines offense level at 43 which, combined with Mr. Gilbert's criminal history category of 1, yielded a guidelines range of life imprisonment. *Id.*  However, because the guidelines range exceeded the statutory maximums, the guidelines range became the aggregate statutory maximum of 960  months.  *Id.*  The parties submitted sentencing memoranda. *United States v. Brian Gilbert, United States District Court for the District of Maryland, No. 20-374, ECF ##40, 44.*  Mr. Gilbert also submitted *Defendant's Sentencing Guidelines Objections.  ECF #42.*  Mr. Gilbert's submissions provided legal, medical, and policy arguments challenging the validity of the guidelines ranges for sexual offenders.  *Id.*  As a result, while not challenging the guidelines calculations *per se*, Mr. Gilbert asked the district court to attach minimal weight to the guidelines calculations, and to impose a variant sentence.  *Tr. 12/8/21, p. 6.*

At sentencing, the district court heard arguments of the parties, *id., pp. 9-25,* and permitted Mr. Gilbert to speak in his own behalf. *Id., pp. 26-28.*   The district court imposed a below guidelines sentence of an aggregate of 540 months, plus a lifetime term of supervised release, and a $300 special assessment.  *Id., pp. 47-48.*

The district court found that the sentence imposed was "sufficient without being greater than necessary" to achieve the goals of 18 U.S.C. § 3553(a). *Id., p. 46-47.*

### D.  COUNSEL REQUESTS *ANDERS* REVIEW OF THE REASONABLENESS OF MR. GILBERT'S SENTENCE.

#### 1.  Counsel requests *Anders* review of the procedural reasonableness of Mr. Gilbert's sentence.

Mr. Gilbert respectfully requests *Anders* review of the procedural reasonableness of his sentence.  In support of this request, Mr. Gilbert advises the Court of the following: In his written sentencing submissions and in his counsel's oral allocution, Mr. Gilbert presented substantial legal, medical and policy arguments against the weight to be given to the United States Sentencing Guidelines in pornography cases in general and in his case specifically.  These arguments were essentially unrebutted by the government.  Although the district court imposed a sentence below the guidelines range, as requested by Mr. Gilbert, nevertheless, Mr. Gilbert questions whether the consideration of the guidelines range by the trial court overemphasized the guidelines range to the underemphasized of the factors enumerated in 18 U.S.C. § 3553(a), and whether this was an abuse of the district court's discretion.

**2.    Counsel requests *Anders* review of the substantive reasonableness of Mr. Gilbert's sentence.**

Mr. Gilbert also requests *Anders* review of the substantive reasonableness of his sentence.  He questions whether his 540 month (45 year) sentence is substantively reasonable for an individual of his age (34 years old).  Mr. Gilbert's 45 year sentence is tantamount to a life sentence.  Life sentences are usually imposed in more serious cases such as murder cases, RICO conspiracy cases, and largest of drug conspiracy prosecutions.

## CONCLUSION

After a conscientious review of the record and applicable law, pursuant to *Anders v. California,* 386 U.S. 738 (1967), undersigned counsel respectfully submits that there are no non-frivolous issues. Counsel has briefed all arguable issues, but requests that this Court conduct an independent review of the record to determine whether any non-frivolous issues exist.

Dated: May 18, 2022                     Respectfully Submitted,

/s/ Vincent A. Jankoski
Vincent A. Jankoski
VINCENT A. JANKOSKI, ESQ.
14717 Harvest Lane
Silver Spring, MD 20905
(301) 312-3441

*Counsel for Appellant*

15

## CERTIFICATE OF COMPLIANCE

1.  This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains 3,379 words.

2.  This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated: May 18, 2022                   Respectfully Submitted,

                                      /s/ Vincent A. Jankoski
                                      Vincent A. Jankoski
                                      VINCENT A. JANKOSKI, ESQ.
                                      14717 Harvest Lane
                                      Silver Spring, MD 20905
                                      (301) 312-3441

                                      *Counsel for Appellant*