# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff-Appellee | : |
|     v. | : No. 21-4696 |
| | : |
| BRIAN GILBERT, | : |
|     Defendant-Appellant | : |

## APPELLANT'S OPPOSITION TO UNITED STATES OF AMERICA'S RENEWED MOTION TO DISMISS APPEAL

Appellant Brian Gilbert, through counsel, respectfully opposes the United States of America's renewed motion to dismiss this appeal. As grounds for this opposition, appellant respectfully states the following:

### BACKGROUND

1. Appellee filed its initial motion to dismiss prior to filing appellant's initial brief. *ECF #14.* Appellee sought dismissal grounded on the plea waiver contained in appellant's plea agreement. *Id.*

2. Appellant opposed the motion on the grounds that the motion was premature in that, because appellant's brief had not been filed and certain claims

are non-waivable, it was not known whether appellant would raise any non-waivable issues in his initial brief.  *ECF #17.*

3.  This Court deferred action on the motion pending the filing of appellant's initial brief.  *ECF #18.*

4.  Appellant has now filed his initial brief.  *ECF #20.*

5.  Appellant's initial brief was filed pursuant to *Anders v. California,* 386 U.S. 78 (1967) wherein appellant's counsel advised this Court that he believed there were no non-frivolous issues to be briefed, but asked this Court to review the entire record to determine whether any non-frivolous issues were extant, specifically calling this Court's attention to (1) whether the district court plainly erred in failing to comply with the requirements of Rule 11(b)  of the Federal Rules of Criminal Procedure before accepting appellant's guilty plea and (2) whether appellant's sentence was procedurally and substantively reasonable.  *Id.* at 1-2.

6.  Appellee has now renewed its motion to dismiss, arguing that the issues raised for review in appellant's *Anders* brief were waived in appellant's plea agreement.

## APPLICABLE LAW.

7.  While waivers in plea agreements are generally enforceable, provided that the waiver is voluntary and if the issue appealed is within the scope of the

waiver, *United States v. Soloff,* 993 F.3d 240, 243 (4th Cir. 2021), certain issues are non-waivable. *See Class v. United States,* 583 U.S. ___ (2018) (certain constitutional challenges); *Blackledge v. Perry,* 417 U.S. 21, 30 (1974) (jurisdictional claims). *Menna v. New York,* 423 U.S. 61 (1975) (double jeopardy claims).

8. Relevant to this appeal, a valid appeal waiver does not preclude appellate review of the validity of a guilty plea pursuant to *Anders*. *United States v. McCoy,* 895 F.3d 358, 364 (4th Cir. 2018).

**THE ISSUES REQUESTED FOR *ANDERS* REVIEW IN APPELLANT'S INITIAL BRIEF ARE NON-WAIVABLE.**

**A. THE VALIDITY OF THE GUILTY PLEA.**

9. Appellant's challenge as to the sufficiency of the Rule 11 inquiry alone defeats the government's motion. The sufficiency of the Rule 11 inquiry determines whether the waiver is valid. An insufficient Rule 11 proceeding will almost necessarily invalidate a purported appellate waiver. A deficient rule 11 inquiry informs the issue of the voluntariness of the plea and, consequently, the voluntariness of the appellate waiver.

10. Appellant's *Anders* brief suggests review to determine whether appellant's plea was invalid due to the insufficiency of the Rule 11 proceeding.

*See United States v. DeFusco,* 949 F.2d 114,119 (4th Cir. 1991) (defendant's statements at Rule 11 hearing are evidence of voluntariness). The Rule 11 proceeding informs the validity of the plea and, therefore, the validity of the waivers. *See United States v. Boone,* 543 F.2d 1090, 1092 (4th Cir. 1976) (Rule 11 designed to assist in determining voluntariness of the plea). For this reason, the government's motion to dismiss must be denied.

11. The government argues that the appellate waiver was voluntary because the Rule 11 colloquy establishes the voluntariness of the plea. *ECF #14* at 4-7, adopted in appellee's renewed motion, *ECF #29*. This argument begs the issue. It is this very Rule 11 sufficiency argument that appellant raises in the *Anders* brief. Essentially, the government contends that this Court should not engage in the *Anders*-suggested Rule 11 sufficiency review because its own Rule 11 review establishes that there should be no *Anders*-suggested Rule 11 review. In other words, if the plea is invalid due to a deficient Rule 11 inquiry, so is the appellate waiver. So, the *Anders*-suggested Rule 11 review must be conducted.

### B. THE REASONABLENESS OF THE SENTENCE.

12. Moreover, appellant's challenge to the reasonableness of a sentence should also be non-waivable. Sentences must be procedurally and substantively reasonable. *Gall v. United States,* 552 U.S. 38, 41, 51 (2007). In determining

procedural reasonableness, this Court considers whether the district court failed to calculate (or improperly calculated) the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, failed to analyze the arguments presented by the parties, or failed to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. *Id. at 51; United States v. Blue,* 877 F.3d 513, 518-519 (4th Cir. 2017). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

13. These requirements imply non-waivability.

14. For example, suppose a district judge in imposing a sentence refuses to allow a defendant (or the government) to allocate or expresses a belief that the Sentencing Guidelines are mandatory or states that the Sentencing Guidelines will not be considered. Such a sentence would necessarily be procedurally unreasonable. *See also Ashe v. State of North Carolina,* 586 F.2d 334, 336 (4th Cir. 1978) (denial of the right to allocate when requested violates due process). Yet, the government would have such a sentence not appealable if waived in a plea agreement.

15. It should be noted that executing the plea agreement occurs prior to sentencing. At the time the defendant executes the plea agreement containing the waiver, he does not know what the district judge will do at sentencing. He can presume that the district judge will allow him to allocate. He can presume that the district judge will consider the sentencing guidelines and treat them as advisory. He can waive his appellate rights in recognition of these presumptions. However, if these presumptions do not eventuate – if the district court refuses to allow him to allocate or treats the guidelines as mandatory or eschews the guidelines altogether – due process and common sense dictate that the defendant should be permitted to challenge the reasonableness of the sentence so imposed.

### FILING AN *ANDERS* BRIEF IS NOT *PER SE* GROUNDS FOR DISMISSING AN APPEAL.

16. The only thing that has changed in the time period between the government's initial motion to dismiss and the renewal thereof is that appellant has filed an *Anders* brief. The filing of the *Anders* brief does not alter the outcome of the government's motion.

17. There is a distinction between dismissing an appeal and affirming a judgment of conviction following an *Anders* review, although in either case the

ultimate result may be (and often is) the same, that is, a conviction may be allowed to stand. *Anders* review assures that as to all non-waivable issues there is a judicial determination that none are non-frivolous. It is an important component of the criminal appellate process. *See Anders,* at 744 ("the court – not counsel - then proceeds [after filing of the *Anders* brief] after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). Granting the government's renewed motion deprives appellant from a judicial determination of the merits of non-waivable claims his appeal.

WHEREFORE, appellant respectfully requests that this Court deny the United States' renewed motion to dismiss.

Respectfully submitted,

/s/ Vincent A. Jankoski
Vincent A. Jankoski
Attorney for Appellant
Appointed by the Court
14717 Harvest Lane
Silver Spring, MD 20905
301-312-3441
vincejankoski@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, a copy of the foregoing Appellant's Opposition to United States of America's Renewed Motion to Dismiss Appeal was served on all parties via the Court's electronic filing system.

<u>/s/ Vincent A. Jankoski</u>
Vincent A. Jankoski