In The

# United States Court Of Appeals
## For The Fourth Circuit

### UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

### BRIAN ANTHONY GILBERT,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT**

————————

### SUPPLEMENTAL BRIEF OF APPELLANT

————————

**Vincent A. Jankoski**
**VINCENT A. JANKOSKI, ESQ.**
**14717 Harvest Lane**
**Silver Spring, MD 20905**
**(301) 312-3441**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ............................................................... iii

JURISDICTIONAL STATEMENT .................................................... 1

STATEMENT OF ISSUES PRESENTED .......................................... 1

STATEMENT OF THE CASE ............................................................ 1

    Procedural History ....................................................................... 1

        Statement of Facts ................................................................ 3

SUMMARY OF ARGUMENT ........................................................... 4

ARGUMENT ..................................................................................... 5

    I.    THE TRIAL COURT FAILED TO ORALLY ANNOUNCE
        ALL NON-MANDATORY CONDITIONS OF SUPERVISED
        RELEASE WHICH LATER APPEARED IN THE WRITTEN
        JUDGMENT ....................................................................... 5

        A.    APPLICABLE LAW .................................................. 5

        B.    STANDARD OF REVIEW ......................................... 6

        C.    THE SENTENCING .................................................. 6

        D.    STANDARD CONDITIONS OF SUPERVISED
            RELEASE ................................................................. 7

            1.    Standard Condition #1 ..................................... 7

            2.    Standard Condition #5 ..................................... 8

            3.    Standard Condition #7 ..................................... 9

            4.    Standard Condition #10 ................................... 11

5. Standard Condition #12 ......................................................12

E. SUPERVISED RELEASE ADDITIONAL
CONDITIONS .....................................................................13

1. Additional Condition #2 .................................13

2. Additional Condition #3 .................................14

3. Additional Condition #6 .................................15

II. THE RISK NOTIFICATION REQUIREMENT IN
STANDARD CONDITION #12 IS UNDULY VAGUE AND
IS AN OVERBROAD DELEGATION OF AUTHORITY TO
THE PROBATION OFFICER .............................................16

A. FACTUAL BACKGROUND................................16

B. STANDARD OF REVIEW ...................................17

C. APPLICABLE LAW ............................................17

D. DISCUSSION ......................................................18

CONCLUSION.................................................................................19

CERTIFICATE OF COMPLIANCE.................................................20

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California*,
386 U.S. 738 (1967)........................................................................2

*United States v. Boles*,
914 F.3d 95 (2d Cir. 2019) ...........................................................17

*United States v. Boyd*,
5 F.4th 550 (4th Cir. 2021) ...........................................................18

*United States v. Cabral*,
926 F.3d 687 (10th Cir. 2019) ......................................................18

*United States v. Evans*,
883 F.3d 1154 (9th Cir. 2018) ......................................................17

*United States v. Hill*,
818 F.3d 342 (7th Cir. 2016) ........................................................17

*United States v. Lassiter*,
No. 22-4147, 96 F.4th 629 (4th Cir. 2024).........................3, 18, 19

*United States v. Lewis*,
958 F.3d 240 (4th Cir. 2020) ........................................................17

*United States v. Mathis*,
103 F.4th 193 (4th Cir. 2024) ....................................................5, 9

*United States v. Oliver*,
2022 U.S. App. LEXIS 11301 (4th Cir. Apr. 26, 2022)................18

*United States v. Olson*,
No. 20-4564 ...................................................................................18

*United States v. Peterson*,
248 F.3d 79 (2d Cir. 2000) ...........................................................17

*United States v. Rogers*,
961 F.3d 291 (4th Cir. 2020) ...............................................................*passim*

*United States v. Singletary*,
984 F.3d 341 (4th Cir. 2021) ...............................................................5

*United States v. Thompson*,
777 F.3d 368 (7th Cir. 2015) .............................................................17

**Statutes:**

18 U.S.C. § 922(g)(1) ......................................................................... 12

18 U.S.C. § 1030(e)(1)....................................................................15, 16

18 U.S.C. § 2251(a) ...............................................................................1

18 U.S.C. § 2252A(a)(2) .......................................................................1

18 U.S.C. § 2252A(a)(5)(b) ..................................................................2

18 U.S.C. § 2252A(b)(1)........................................................................1

18 U.S.C. § 2252A(b)(2).......................................................................2

18 U.S.C. § 2256....................................................................13, 14

18 U.S.C. § 3231 ...................................................................................1

18 U.S.C. § 3553(a) ...........................................................................5, 6

28 U.S.C. § 1291 ...................................................................................1

**Rules:**

Fed. R. App. P. 3 ...................................................................................1

Fed. R. App. P. 4 ...................................................................................1

**Other Authorities:**

https://theperfectdefense.com/what-are-tasers.........................................12

# JURISDICTIONAL STATEMENT

Final judgment of conviction was entered in the district court on December 10, 2021. *JA7, JA91-98.* This appeal was timely noted on December 15, 2021. *JA7, JA103.* The district court had jurisdiction in this case under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 3 and 4. This appeal is from a final judgment, disposing of all claims.

# STATEMENT OF ISSUES PRESENTED

1. Did the district court err in failing to orally announce all non-mandatory conditions of supervised release which subsequently appeared on the written judgment?

2. Was Standard Condition of Supervised Release 12 impermissibly vague and an impermissible delegation of the court's authority?

# STATEMENT OF THE CASE

## Procedural History

On November 2, 2020, a federal grand jury in the District of Maryland returned an indictment charging Mr. Gilbert with six counts of production of child pornography (Counts I-VI) in violation of 18 U.S.C. § 2251(a), two counts of distribution of child pornography (Counts VII-VIII) in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and one count of possession of child pornography (Count

IX) in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2). The indictment also contained forfeiture allegations. *JA3, JA9-19.* On September 7, 2021, Mr. Gilbert pled guilty pursuant to a written plea agreement before District Judge Paul W. Grimm to Counts 3, 6, and 9. *JA5-6, JA20-35.* On December 8, 2021, Judge Grimm sentenced Mr. Gilbert as follows: Counts 3 and 6, terms of incarceration of 300 months; Count 9, a term of incarceration of 240 months. *JA93.* The terms of incarceration imposed on Counts 3 and 6 were ordered to run concurrently to each other but consecutively to the term of incarceration imposed on Count 9. *Id.* Concurrent lifetime terms of supervised release were ordered on each count. *JA94.* A $300 special assessment was also ordered. *JA96.* The remaining counts were dismissed on government motion. *JA88.* Judgment was entered on December 10, 2021. *JA7.* A timely notice of appeal was filed on December 15, 2021. *Id.*

On March 4, 2022, the government filed a Motion to Dismiss Appeal and Stay Briefing Schedule based on the appellate waiver contained in Mr. Gilbert's plea agreement. *Docket Entry #14.* Mr. Gilbert opposed, *docket entry #17*, and this Court deferred ruling on the motion. *Docket Entry #18.* On May 18, 2022, counsel for Mr. Gilbert filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Docket Entry #20.* In response, the government renewed its motion to dismiss on June 23, 2022. *Docket Entries ##28-29.* Mr. Gilbert again opposed. *Docket Entry #31.* On September 6, 2023, this Court placed this case in abeyance

pending its decision in *United States v. Lassiter*, No. 22-4147. *Docket Entry #32*. This case was removed from abeyance on April 22, 2024, after this Court decided *Lassiter*. *Docket Entry #34*. A supplemental briefing schedule was issued on July 26, 2024. *Docket Entry #36*.

## Statement of Facts[1]

During the period from December 28, 2018 to August 29, 2020, Mr. Gilbert recorded six videos of sexual acts performed by two minors who, at the time of the recordings, were between the ages of two and seven. *JA33-34*. The recordings were made in Mr. Gilbert's home in District Heights, Maryland. *Id.* These six videos formed the bases for Counts 1-6 of the indictment. *JA9-14*.

On August 26, 2020 and August 29, 2020, Mr. Gilbert uploaded, shared, and advertised two videos containing child pornography on Website A, an online bulletin board dedicated to child pornography. *JA32-33*. Website A is hosted on the Tor network, a network designed to facilitate anonymous communications on the Internet. *JA32*. These events formed the bases for Counts 7 and 8 of the indictment. *JA15-16*.

On September 11, 2020, a federal search warrant executed on Mr. Gilbert's home in District Heights, Maryland, resulted in the seizure of various electronic

---

[1] This Statement of Facts is taken from the plea agreement entered into between Mr. Gilbert and the government. *JA20-35*.

devices containing over 600 images/videos of child pornography downloaded from the Internet and, therefore, travelled in interstate commerce. *JA33*. These images/videos formed the basis for Count 9 of the indictment. *JA17*.

## SUMMARY OF ARGUMENT

1. The district court erred in failing to orally announce all non-mandatory conditions of supervised release which subsequently appeared in the written judgment. Specifically, Standard Conditions ##1, 5, 7, 10, and 12 as they appear on the written judgment are materially different than those conditions as they were orally pronounced at sentencing. In addition, Special Conditions ## 2, 3, and 6 are materially different than the corresponding Special Conditions announced orally at sentencing.

2. Standard Condition of Supervised Release 12, both as announced and as it appears in the written judgment, is impermissibly vague and an impermissible delegation of the court's authority in that it requires Mr. Gilbert's probation officer to determine, without adequate direction or guidance, whether Mr. Gilbert poses a risk to another person and, if so, to direct Mr. Gilbert to notify that other person about the risk.

## ARGUMENT

## I. THE TRIAL COURT FAILED TO ORALLY ANNOUNCE ALL NON-MANDATORY CONDITIONS OF SUPERVISED RELEASE WHICH LATER APPEARED IN THE WRITTEN JUDGMENT.

### A. APPLICABLE LAW.

"[A]ll non-mandatory conditions of supervised release must be [orally] announced at a defendant's sentencing hearing," *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020), although such oral pronouncement can be done via incorporation. *Id., at 299.* Failure to do so, even a single time,[2] is error, requiring remand for resentencing, *id., at 294.* Appellate waivers contained in plea agreements do not preclude review of claimed *Rogers* errors. *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021).

The requirement that non-mandatory conditions of supervised release be orally announced "flows naturally from the fundamental precept: A defendant has the right to be present when he is sentenced". *Rogers at 296.* The requirement also assures that the sentencing court exercises its discretion and balances the applicable standards outlined in 18 U.S.C. § 3553(a), that the defendant has an opportunity to object, and that discretionary conditions be adequately explained. *Id. at 297-298.*

---

[2] *See United States v. Mathis,* 103 F.4th 193, 198 (4th Cir. 2024) for enunciation of the one rotten apple rule.

## B. STANDARD OF REVIEW.

Review of a claim of *Rogers* error is *de novo. Id., at 296.*

## C. THE SENTENCING.

A presentence report was prepared. *JA104-127.* The presentence report calculated the sentencing guidelines offense level at 43, *JA111-115*, which, combined with Mr. Gilbert's criminal history category of I, *JA115*, yielded a guidelines range of life imprisonment. *JA119.* However, because the guidelines range exceeded the statutory maximums, the guidelines range became the aggregate statutory maximum of 960 months. *Id.*

The district court imposed a below guidelines sentence of an aggregate of 540 months, plus a lifetime term of supervised release, and a $300 special assessment. *JA81-83.* The district court found that the sentence imposed was "sufficient without being greater than necessary" to achieve the goals of 18 U.S.C. § 3553(a). *JA81-82.*

However, the district court failed to orally pronounce, either through announcement at the sentencing hearing or through incorporation, all of Mr. Gilbert's non-mandatory conditions of supervised release which later appeared on his written judgment. *JA83-87.* As a result, Mr. Gilbert's written judgment lists various "Standard Conditions of Supervised Release" and "Supervised Release

Additional Conditions" which differ from those orally pronounced at Mr. Gilbert's sentencing. *JA94-96.* These discrepancies are noted below in italics.

### D.    STANDARD CONDITIONS OF SUPERVISED RELEASE.

#### 1.    Standard Condition #1

The district court orally pronounced Standard Condition #1 as follows: "He must report to the probation office in the federal judicial district where he's authorized to reside within 72 hours of his release *and follow the instructions of the probation officer if different from that". JA84.*

In the written judgment, Standard Condition #1 states "You must report to the probation officer in the federal judicial district where you are authorized to reside within 72 hours of your release *from imprisonment, unless the probation officer instructs you to report to a different probation officer or within a different time frame". JA94.*

The orally announced phrase "if different from that" deviates from the written judgment and is confusing, thereby not putting Mr. Gilbert on notice of what is required of him. Specifically, the antecedent of "that" is unclear. It could require Mr. Gilbert to report to a probation officer in the district where he is authorized to reside unless told otherwise by the probation officer. Alternatively, it could mean that the 72 hour time limit could be changed by the probation officer. Another interpretation is that the probation officer is entrusted with modifying both

the place of residence and the 72 hour time period.  By failing to announce the written condition orally, the district court deprived Mr. Gilbert of his opportunity to object to the confusing condition and to seek clarification of what would be required of him upon his release, a violation of which could send him back to prison.

## 2.    Standard Condition #5

The orally pronounced Standard Condition #5 states: "he must live at a place approved by the probation officer and give ten days notice before a change or, if that's not feasible, within 72 hours of becoming aware of a need for a change. *JA84.*

The written condition is as follows: "You must live at a place approved by the probation officer. If you plan to change where you live *or anything about your living arrangements (such as the people you live with)*, you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance *is not possible due to unanticipated circumstances*, you must notify the probation officer within 72 hours of becoming aware of a change or expected change".  *JA94.*

The substantive difference between the two is that the written judgment imposes two requirements absent from the oral pronouncement.  First, whereas the oral pronouncement mandates notification only where there is a change of

residence, the written judgment imposes the additional requirement that notification be given whenever there is any change in "anything about your living arrangements" including "the people that you live with".

The difference is material. For example, if Mr. Gilbert was living with elderly family members and one of them dies but Mr. Gilbert continues to reside with the surviving relative(s), the orally announced condition of release would require nothing of him. However, if he did nothing, he would be in violation of the written condition. *See Mathis* at 198 (adding requirements not orally pronounced constitutes *Rogers* error).

Second, the 72 hour notification requirement for unexpected changes of living arrangements is required, as per the orally announced condition, only if the 10 day notice is "not feasible". The written judgment requires the more stringent "not possible" in the written judgment. An act (such as a notification) that can be done is possible, but may be unreasonable and, hence, not feasible.

Because these additional requirements were not orally announced at sentencing, Mr. Gilbert was not given the opportunity to object or to request clarification.

### 3.    Standard Condition #7

The district court orally pronounced Standard Condition #7 as follows: "He must work full time at a lawful employment approved by the probation officer

unless excused from doing so and may not change the job, if approved, without 10 days advance notice or within 72 hours of becoming aware of the change if the 10 days notice cannot be given". *JA85.*

In contrast, the written judgment provides: " You must work full time *(at least 30 hours per week)* at a lawful type of employment, unless the probation officer excuses you from doing so. *If you do not have full time employment you must try to find full time employment, unless the probation officer excuses you from doing so.* If you plan to change where you work *or anything about your work (such as your position or your job responsibilities)* you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not *possible due to unanticipated circumstances*, you must notify the probation officer within 72 hours of becoming aware of a change *or expected change. JA94.*

The substantive difference between the oral and written conditions is that (1) the written judgment defines full time employment as at least 30 hours per week – the definition is lacking in the oral pronouncement, (2) the written judgment imposes an obligation to look for work which is absent from the oral pronouncement, (3) the oral condition  only requires notification of a change in job whereas the written judgment includes notification of any change of work conditions including position or job responsibilities, and (4) the default 72 hour

notification is triggered in the oral pronouncement when the 10 day notice "cannot" be given but the written judgment requires impossibility of the 10 day notice and imposes an additional requirement of "unanticipated circumstances".

The differences are material. For example, if Mr. Gilbert receives a job promotion or is transferred to a different department or if there was a restructuring of his employer's chain-of-command, the orally announced condition permits him to do nothing. However, if he did nothing, he would be in violation of the written condition.

In addition, the written condition requires that he look for work if he is unemployed and requires at least 30 hours of work to satisfy the requirement of full time employment. Once again, the failure to announce an oral condition precluded Mr. Gilbert from opposing these additional conditions.

### 4.   Standard Condition #10

Special Condition #10 was orally pronounced as follows: "he must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon, including anything that has been designed or modified for causing bodily injury". *JA85.*

The written judgment adds "such as nunchakus or tasers". *JA95.* Nunchakus have lawful use – martial arts training. Tasers are legal in 49 states, and have legitimate self-defense uses. Tasers operate "by temporarily disrupting

11

the body's neuromuscular system", thereby incapacitating the target.

https://theperfectdefense.com/what-are-tasers. While not without danger, tasers are considered a "less lethal" alternative to other means of self-defense, and have civilian as well as law enforcement uses. *Id.* Mr. Gilbert's offense of conviction will preclude him from ever possessing a firearm even for self-defense purposes. *18 U.S.C. § 922(g)(1).* Martial arts training and deployment of a taser may be Mr. Gilbert's only means of providing for his self-defense. Moreover, it would be the exceptionally rare case that either nunchakus or a taser would be employed offensively. However, because the condition appearing in the subsequent written judgment was not orally pronounced, Mr. Gilbert was deprived of an opportunity to object to this condition and to express his reasons for his opposition.

### 5.    Standard Condition #12

Standard Condition #12 as set forth in the written judgment also differs from the orally announced condition. The orally announced condition provides: "if the probation officer determines he poses a risk to another person or organization, he may be required to give them notice about the risk and demonstrate to the probation officer he has done so". *JA85.*

The written condition provides: "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that

instruction. *The probation officer may contact the person and confirm that you have notified the person about the risk". JA95.*

The written judgment adds that the probation officer may contact the at-risk person in order to confirm that Mr. Gilbert has made the requisite notification.

### E.    SUPERVISED RELEASE ADDITIONAL CONDITIONS.

The written judgment also included Supervised Release Additional Conditions which the district court referred to as "Special Conditions".  The orally pronounced Additional Conditions also differ in some material respects from those contained in the written judgment

### 1.    Additional Condition #2.

Additional Condition #2 was announced as "he must not view or possess any visual depiction as defined by 18 U.S.C. § 2256 that would fall within the definition of that statute regarding pornography".  *JA86.*

The written judgment is substantially different: " You must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), *including any photograph, film, video, picture, or computer or computer-generated image or picture whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of*

*'sexually explicit conduct' (as defined in 18 U.S.C. § 2256), that would compromise your sex offense specific treatment". JA95.*

The orally announced condition vaguely prohibits "visual depictions" and omits "visual depictions … that would compromise your sex offense specific treatment". Thus, the written condition adds a requirement that Mr. Gilbert refrain from possessing any photograph, film, etc. that would compromise his "sex offense specific treatment", a broader restriction than that imposed orally.

### 2.    Additional Condition #3.

Additional Condition #3 was orally pronounced as "he must not have any direct contact with any child he knows or reasonably should know to be under the age of 18 without permission of the probation officer". *JA86.*

The written judgment lists the corresponding condition as "You must not have any direct contact with any child he knows or reasonably should know to be under the age of 18 without permission of the probation officer. *If you do have any direct contact with any child you know or reasonably should know to be under the age of 18 without permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communications, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. JA95.*

The written condition imposes a reporting condition absent from the orally announced condition and in the last sentence expands what constitutes "direct contact" by including any written or in-person communications and physical contact.

### 3.     Additional Condition #6.

Additional Condition #6 as it appears on the written judgment is also substantially different that the corresponding condition orally pronounced.  As orally pronounced the condition required "to assure compliance with [computer monitoring condition], the probation officer will be authorized to conduct initial and periodic unannounced searches of any computers and to determine whether or not they've been used for a prohibited person, and he must warn other  people who use those computers that they may be subject to searches".  *JA86.*

The written judgment provides "To assure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers *(as defined in 18 U.S.C. § 1030(e)(1) subject to computer monitoring.  These searches shall be conducted for the purpose of determining whether the computer contains any prohibited data prior to the installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software*

*after installation.*  You must warn any other people who use these computers that

the computers may be subject to searches pursuant to this condition.  *A probation*

*officer may conduct a search pursuant to this condition only when reasonable*

*suspicion exists that there is a violation of a condition of supervision and that the*

*computer or device contains evidence of this violation.  Any search will be*

*conducted at a reasonable time and in a reasonable manner. JA96.*

The written judgment expands the conditions orally announced by defining

"computer" to include electronic and other devices as defined in 18 U.S.C. §

1030(e)(1), which definition is broader than what an individual normally considers

a "computer".  The written judgment also adds a number of qualifiers absent from

the orally pronounced sentence: the purposes for which the monitoring is ordered

and a reasonableness requirement for the searches.  Once again, Mr. Gilbert was

not given the opportunity to object to these additional written conditions.

## II.     THE RISK NOTIFICATION REQUIREMENT IN STANDARD CONDITION #12 IS UNDULY VAGUE AND IS AN OVERBROAD DELEGATION OF AUTHORITY TO THE PROBATION OFFICER.

### A.     FACTUAL BACKGROUND.

Both the written Standard Condition #12 and the corresponding orally

announced condition as set forth above trigger a notification requirement when the

probation officer "determines" that Mr. Gilbert "poses a risk" to another person, including an organization without any guidance on what constitutes a "risk".[3]

## B.     STANDARD OF REVIEW.

Because Mr. Gilbert allocated for a term of incarceration below that which the district court ultimately imposed, *JA59*, review is for abuse of discretion. *United States v. Lewis*, 958 F.3d 240, 243, n. 2 (4th Cir. 2020)

## C.     APPLICABLE LAW.

"Risk notification" provisions contained in conditions of release, identical or similar to that imposed in this case have been struck as "hopelessly vague", *United States v. Hill*, 818 F.3d 342, 345 (7th Cir. 2016), "vague and affords too much discretion to the probation officer", *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019) (referencing language identical to Standard Condition #12 in this case), giving "unfettered discretion" to the probation officer, *United States v. Peterson*, 248 F.3d 79, 86 (2d Cir. 2000), "allowing the probation officer unfettered power of interpretation", *United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018), ambiguous as providing no "indication of … what risks must be disclosed", *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015), because they

---

[3] Mr. Gilbert recognizes that the following argument may be beyond the scope of this Court's Supplemental Briefing Order.  However, he presents this argument in order to prevent potential abandonment of the issue, recognizing that any error may be corrected upon remand to correct the *Rogers* errors noted above.

provide and an "improper delegation of judicial power", *United States v. Cabral*, 926 F.3d 687, 698 (10th Cir. 2019).

In an unpublished opinion, this Court has suggested that imposing a risk notification condition without meaningful guidance to the probation officer would be impermissible. *United States v. Oliver*, 2022 U.S. App. LEXIS 11301, at \*14 and note 6 (4th Cir. Apr. 26, 2022), citing *United States v. Boyd*, 5 F.4th 550, 558 (4th Cir. 2021).

### D.    DISCUSSION.

Standard Condition #12 as imposed in the instant case is remarkably similar to and in some cases identical to the condition struck in the decided cases. This Court should rule in accordance with those decisions.[4]   The issue was recently briefed in this Court in *Lassiter*, however, this Court, in the light of remand for other *Rogers* issues, declined to address the matter instead giving the district court the opportunity to do so in the first instance. This Court may wish to proceed likewise in the instant case.

---

[4] Mr. Gilbert acknowledges that this Court has recently stated in dicta that "[v]agueness challenges to special conditions of release are unlikely to succeed in this circuit". *United States v. Olson*, No. 20-4564,  at 8, decided August 20, 2024.

## CONCLUSION

Where there is an inconsistency between orally announced conditions of supervised release and the written judgment, the case must be remanded for a full resentencing.  *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024). [5] The *Rogers* errors noted above mandate remand to the district court.

/s/ Vincent A. Jankoski
Vincent A. Jankoski
VINCENT A. JANKOSKI, ESQ.
14717 Harvest Lane
Silver Spring, MD 20905
(301) 312-3441

*Counsel for Appellant*

---

[5] This Court has suggested a more limited remedy in cases where the defendant requests it.  *Lassiter, fn. 5.*

# CERTIFICATE OF COMPLIANCE

1.     This document complies with type-volume limits because, excluding the

parts of the document exempted by Fed. R. App. P. 32(f) (cover page,

disclosure statement, table of contents, table of citations, statement regarding

oral argument, signature block, certificates of counsel, addendum,

attachments):

this document contains <u>3,906</u> words.

2.     This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface

using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: August 26, 2024                    Respectfully Submitted,

<u>/s/ Vincent A. Jankoski         </u>
Vincent A. Jankoski
VINCENT A. JANKOSKI, ESQ.
14717 Harvest Lane
Silver Spring, MD 20905
(301) 312-3441

*Counsel for Appellant*